THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Baxley

Mailed: February 25, 2010

Opposition No. **91182244**

Qualcomm Incorporated

v.

FLO Corporation

Before Rogers, Acting Chief Administrative Trademark Judge,
and Hairston and Ritchie, Administrative Trademark Judges.

By the Board:

On June 27, 2006, FLO Corporation ("applicant") filed an application to register the mark FLO in standard character form for various goods and services in International Classes 9, 39, 43, and 45, alleging a bona fide intent-to-use the mark in commerce pursuant to Trademark Act Section 1(b), 15 U.S.C. Section 1051(b).[1] Qualcomm Incorporated ("opposer") opposes registration on grounds that applicant lacked a bona fide intent to use the mark on each and every item of identified goods and services "at the time of filing said application" and priority/likelihood of confusion with its previously registered marks FLO and MEDIAFLO for data processing, telecommunications and audio-visual processing and

---

[1] Application Serial No. 78918162.

production services in International Classes 35, 38, and 41.[2]

This case now comes before the Board for consideration of opposer's motion (filed October 13, 2009) for summary judgment on the grounds that, because applicant "is, for all intents and purposes defunct and no longer in business," applicant has abandoned the involved mark and can no longer have a bona fide intent to use the mark.  The motion has been fully briefed.

In the second sentence of applicant's brief in response to the motion for summary judgment, applicant alleges that opposer filed its "groundless, ... frivolous" motion "without taking any discovery, making any initial disclosure, or making any expert disclosure."  Opposer does not address this allegation in its reply brief.

In Board *inter partes* proceedings commenced after November 1, 2007, a party may not file a motion for summary judgment under Trademark Rule 2.127(e)(1) until that party has made its initial disclosures, except for a motion asserting claim or issue preclusion or lack of jurisdiction by the Board.   See Trademark Rule 2.127(e)(1); *Compagnie Gervais Danone v. Precision Formulations LLC,* 89 USPQ2d

---

[2] Registration No. 3149369 for the mark FLO in typed form issued September 26, 2006.  Registration No. 3319343 for the mark MEDIAFLO in typed form issued October 23, 2007.  Both registrations matured from applications that were filed on January 8, 2003.

1251, 1255 (TTAB 2009); *Notice of Final Rulemaking,* 72 Fed. Reg. 42242, 42245 (August 1, 2007). Although applicant did not expressly object to the motion for summary judgment as prematurely filed, the requirement that a party serve its initial disclosures prior to or concurrently with the filing of a motion for summary judgment cannot be waived. Because the record herein indicates that opposer has not served its initial disclosures, the motion for summary judgment is premature and is denied on that basis.

It is also noted that opposer did not plead any of the grounds on which opposer seeks entry of summary judgment in the notice of opposition and has not sought leave of the Board to file an amended notice of opposition in which it pleads those grounds. A party may not obtain summary judgment on an unpleaded claim. See Fed. R. Civ. P. 56(a) and (b); TBMP Section 528.07(a) (2d ed. rev. 2004).

In this connection, the claim in the motion for summary judgment that applicant no longer has a bona fide intent to use the applied-for mark differs from the ground pleaded in the notice of opposition of a lack of a bona fide intent to use the mark "at the time of filing [the involved] application." Notice of opposition, paragraph 3.

With respect to the ground of abandonment, this ground is not available when the opposed application is based on Section 1(b). Use of a mark that is the subject of an

application alleging a bona fide intent to use is not required until the applicant files a statement of use. See *Consolidated Cigar Corp. v. Rodriguez*, 65 USPQ2d 1153 (TTAB 2002).

As an additional matter, opposer alleges in paragraph 9 of the notice of opposition that applicant "knew or should have known" of opposer's prior use and registration of its pleaded marks and "therefore could not have formed the requisite good faith belief that [a]pplicant is the owner of the mark sought to be registered, and that no other person, firm, corporation or association has the right to use said mark in commerce." To the extent that opposer intends to set forth a claim in this paragraph that applicant committed fraud by making false averments in the declaration in support of its involved application, such claim is legally insufficient.

Fraud in procuring or maintaining a trademark registration occurs when an applicant for registration or a registrant in a declaration of use or a renewal application knowingly makes specific false, material representations of fact in connection with an application to register or in a post-registration filing with the intent of obtaining or maintaining a registration to which it is otherwise not entitled. See *In re Bose Corp*., 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009). Because intent is a required element

to be pleaded for a claim of fraud, allegations that a party made material representations of fact that it "knew or should have known" were false or misleading are insufficient.  See *id.*

A plaintiff claiming that the declaration or oath in a defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed, must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the U.S. Patent and Trademark Office, intended to procure a registration to which it was not entitled. *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 USPQ2d 1203, 1205 (TTAB 1997).  Opposer has failed to allege that applicant knew that opposer had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise;

and that applicant, in so failing to disclose, intended to procure a registration to which it was not entitled.

In summary, the motion for summary judgment is denied. Furthermore, opposer is allowed until twenty days from the mailing date set forth in this order to file an amended notice of opposition consistent with the foregoing, failing which any such claims will not be considered and the opposition will go forward only on the grounds adequately pleaded in the notice of opposition, namely, that applicant did not have a bona fide intent to use the mark on or in connection with each of the goods and services identified in the application at the time the application was filed, and likelihood of confusion. Proceedings herein otherwise remain suspended.